IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED
U.S DISTRICT COURT
2005 SEP -1  P 4: 28
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

RALPH LEROY MENZIES,

    Petitioner,

v.

CLINT FRIEL, Warden of the Utah
State Prison, Department of Corrections,
State of Utah,

    Respondents.

Case No. 03 CV 0092 JC/KBM

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before me on Respondents' *Objections to Magistrate Judge's Order Denying Motion to Lift Stay* ("Objections"), filed June 6, 2005 (*Doc. 48*). Having reviewed the Objections, the parties' memoranda, and the pertinent authority, I uphold the Magistrate Judge's *Order Denying Motion to Lift Stay* ("Order"), filed May 20, 2005 (*Doc. 47*).

### I.    Standard of Review

Pursuant to Rule 72(a), a reviewing district court must defer to the magistrate judge's decision unless it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.), cert. denied, 522 U.S. 914 (1997). To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the reviewing court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F. 2d 1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). To be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong;

it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U. S. 847 (1989).

## II.   Discussion

The relevant facts are well ensconced in the record and do not bear repeating here. The narrow issue for me to resolve is whether the Supreme Court's opinion in *Rhines v. Weber*, ____ U.S. ____, 125 S. Ct.1528 (2005), abrogates the Magistrate Judge's exercise of discretion in staying this matter while Petitioner exhausts his state remedies so as to render the Order clearly erroneous or contrary to law. For the reasons discussed briefly below, I find that it does not.

*Rhines* held that while the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not divest courts of their discretion to issue stays in cases presenting exhausted and unexhausted claims ("mixed" petitions), such stays must be compatible with the "twin purposes" of the AEDPA. *Id.* Those purposes are: to require state defendants to completely exhaust their state remedies before bringing their claims to federal court, and to reduce delay in bringing convictions to finality by imposing a one-year statute of limitations. *Id.* at 1534. Indeed, Congress enacted the AEDPA to advance the finality of criminal convictions. *Mayle v. Felix*, ____ U.S. ____, 125 S. Ct. 2562.[1]

The *Rhines* court determined that stays are appropriate under the AEDPA only if the

---

[1] The Magistrate Judge issued her Order denying Respondents' request to lift the stay prior to the Supreme Court's ruling in *Felix*. She accurately anticipated, however, that the *Felix* opinion would not bear on her analysis in this case, for that case did "not involve a protective filing as approved in *Pace*, or an amendment to a timely petition after the limitations period that created a mixed petition and resulted request for stay and abeyance as in *Rhines*." Order at 13.

2

petitioner has (1) good cause for failing to exhaust his claims first in state court, (2) the claims are not plainly meritless, and (3) reasonable time limits are imposed. The Magistrate Judge recognized that *Rhines* articulated conditions more narrow than the authorities she relied upon when originally issuing the stay in October 2004. Order at 2. Mindful of *Rhines*, the Magistrate Judge determined that the facts upon which she originally stayed the proceeding had not changed. *Id.* She then applied *Rhines* to those facts and, narrower parameters notwithstanding, determined not to lift the stay.

### Good Cause

The Magistrate Judge found the threshold requirement of good cause was met by the fact that Petitioner's present counsel, Ms. Hunt, believed the state post-conviction proceedings she inherited from her predecessor were tolling the AEDPA limitations period while Respondents believed instead that the summary judgment motion filed by Hunt's predecessor was defective and untimely, the court lacked jurisdiction to hear it and, therefore, the state proceedings did not toll the AEDPA limitations. *Id.* at 7. Out of caution, Ms. Hunt filed the federal petition. The Magistrate Judge concluded that "these opposing views on whether the pending motion was timely filed created the sort of 'reasonable confusion'" the recent Supreme Court case of *Pace v. Diguglielmo*, ___ U.S. ___, 125 S. Ct. 1807 (2005) held constituted good cause. I do not find clear error in the Magistrate Judge's determination.

### Plainly Meritless

The Magistrate Judge further determined that Respondents erroneously construe "unmeritorious" claims to necessarily include those claims barred by the AEDPA one-year statute of limitations, and further, even if *Rhines* can be read to include untimely claims as necessarily without merit, their arguments are still unpersuasive for the reasons articulated in the Order. I do

3

not find cause to disregard the Magistrate Judge's reasoned determination on this question as clearly erroneous or contrary to law.

*Reasonable Time Limits/Abusive Litigation Tactics*

The Magistrate Judge declined to find abusive litigation tactics after extensive analysis of the complicated set of facts presented by this case and the arguments made by counsel. Her Order specifies that the stay remains in place but adds "new requirements that the parties continue to file status reports every six months, and that petitioner file his amended federal petition within thirty (30) days after the state proceedings are finally concluded." Order at 14. Thus, the stay is structured to enable the Court to continue addressing the timeliness concerns, which are particularly germane to capitol cases such as this, as required by the AEDPA.

## III.  Conclusion

In summary, I find that the opinion in *Rhines* does not operate to preclude a stay for Petitioner to exhaust his state court remedies in this case. Finding no other grounds upon which I might determine that the Magistrate Judge's Order is clearly erroneous or contrary to law, I overrule Respondents' *Objections to Magistrate Judge's Order Denying Motion to Lift Stay*, filed June 6, 2005 (*Doc. 48*) and uphold the Magistrate Judge's *Order Denying Motion to Lift Stay*, filed May 20, 2005 (*Doc. 47*).

WHEREFORE,

**IT IS ORDERED** that Respondents' *Objections to Magistrate Judge's Order Denying Motion to Lift Stay*, filed June 6, 2005 (*Doc. 48*) are OVERRULED.

Dated August 29, 2005.

                                                SENIOR UNITED STATES DISTRICT JUDGE
                                                Sitting by Designation